In the Matter of FAIRPORT STORAGE AND ICE CORPORATION, Petitioner, against CLARENCE A. SMITH, as Director of Finance of Monroe County, Respondent.

Fourth Department, November 7, 1952.

*Cogswell Bentley* for petitioner.

*Joseph B. Boyle, Monroe County Attorney,* for respondent.

PIPER, J. We are asked to review and annul a determination of the Director of Finance of Monroe County made by him, levying a "tax deficiency" in the amount of $434.14 under Monroe County Local Law No. 80 of 1948 after a hearing, at which petitioner produced evidence as to its business operations in general, and as to its claim that a part thereof, on which the additional tax was based, was revenues received from operations in interstate commerce, and therefore not taxable under the commerce clause of the Constitution of the United States.

Local Law No. 80 of 1948 imposes an annual tax of 0.3% upon gross receipts from any business, profession, vocation or commercial activity carried on by any person in the county. Subdivision (c) of section 2 contains provisions requiring the director to establish by rules and regulations, proper methods of allocation and evaluation, where the receipts of a taxpayer by constitutional provisions (and certain other provisions) are not in their entirety allocable to and taxable in the county. These rules and regulations were printed in two pamphlets which were received in evidence.

As the figures have been stipulated, we are not called upon to consider the allocation. We are confronted only with petitioner's claim that the tax imposed is upon those receipts from its business operations in interstate commerce, and as such, the tax is invalid.

Petitioner's business is that of a cold storage and freezing operation. It stores vegetables at certain temperature and under humidity control so they will keep in reasonably good condition until the owner needs them. As to fruits, they are frozen and kept in storage in that state until the owner orders them to be shipped. Petitioner knows from its experience that the vegetables and fruit owned by certain customers will be shipped outside of the State. When orders are received for shipment, petitioner causes the produce to be loaded on freight cars or trucks. Petitioner does not have title to the produce and does not participate as agent or otherwise in its sale.

We think the case of *Gwin, etc., Inc.,* v. *Henneford* (305 U. S. 434) chiefly relied on by petitioner, is clearly distinguishable on the facts. There the plaintiff was a marketing agent maintaining sales representatives at numerous places outside the State; it sold and delivered fruit, paid the transportation costs and was paid a commission on its sales. The court said of its activities (p. 437): "the entire service for which compensation is paid is in aid of the shipment and sale of merchandise in that [interstate] commerce." The decision in that case recognized the rule (p. 438) that "not every local tax laid **upon gross**

receipts derived from participation in interstate commerce is forbidden.'' The test laid down in a long line of cases is whether or not the tax '' burdens '' the commerce, or that '' there is interference by a state with the freedom of interstate commerce '' by such local taxation.

The determination of the United States Supreme Court in *Minnesota* v. *Blasius* (290 U. S. 1) clearly supports the determination of the respondent here. There it was said at page 9: '' If the interstate movement has not begun, the mere fact that such a movement is contemplated does not withdraw the property from the State's power to tax it.'' In *Federal Compress Co.* v. *McLean* (291 U. S. 17) appellant brought the action to recover taxes paid under protest to the tax collector, claiming that the tax infringed upon the commerce clause of the Constitution. The operation was that of a cotton warehouse and compress in which cotton was stored and compressed. Upon delivery appellant issued its negotiable warehouse receipts; when the holders of receipts ordered shipment, the cotton was loaded on cars for interstate transportation. The court said (p. 21): '' It is clear that by all accepted tests the cotton, while in appellant's warehouse, has not begun to move in interstate commerce and hence is not a subject of interstate commerce immune from local taxation. When it comes to rest there, its intrastate journey, whether by truck or by rail, comes to an end, and although in the ordinary course of business the cotton would ultimately reach points outside the state, its journey interstate does not begin and so it does not become exempt from local tax until its shipment to points of destination outside the state. * * * Property thus withdrawn from transportation, whether intrastate or interstate, until restored to a transportation movement interstate, has often been held to be subject to local taxation.''

This rule has been followed in later cases. (See *Parker* v. *Brown*, 317 U. S. 341, and *Independent Warehouses* v. *Scheele*, 331 U. S. 70.)

The other cases, cited by petitioner (*Freeman* v. *Hewit*, 329 U. S. 249; *Joseph* v. *Carter & Weeks Co.*, 330 U. S. 422; *Nippert* v. *Richmond*, 327 U. S. 416) are as clearly distinguishable on the facts as *Gwin, etc., Inc.,* v. *Henneford* (*supra*).

The determination of the Director of Finance of Monroe County should be confirmed, with $20 costs and disbursements.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, PIPER and WHEELER, JJ.

Determination confirmed, with $20 costs and disbursements.